# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. |
| Plaintiff, | |
| v. | COMPLAINT AND JURY DEMAND |
| NEW IMAGE BUILDING SERVICES, INC., | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Gregory Brown. As alleged with greater particularity in paragraphs 13 – 15 below, the Commission alleges that Defendant, New Image Building Services, Inc., violated the Americans with Disabilities Act when it discharged Brown because of his disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant New Image Building Services, Inc. (the "Employer") has continuously been doing business in the State of Michigan and the City of Dearborn and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than 30 days prior to the institution of this lawsuit, Gregory Brown filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8.     On October 7, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.  The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On December 21, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. On or about July 23, 2014, Defendant Employer engaged in unlawful employment practices at a building where it provided cleaning services in Dearborn, Michigan, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

14. Gregory Brown is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Brown is disabled under the ADA and was discharged because of his

disability—scoliosis, which is a physical impairment that affects an individual's musculoskeletal function.

15. Brown, who was working as a trash maintenance person, was discharged from his employment by his supervisor, Evelyn Thorpe, on or about July 23, 2014, the same day Thorpe learned Brown had scoliosis. Thorpe said she wanted to transfer Brown to a position which required him to wear a vacuum pack. In response, Brown told Thorpe that he could not work in this position because of his scoliosis. Instead of allowing him to bring in a doctor's note and determining how she could accommodate Brown, she fired him.

16. The effect of the practice complained of in paragraphs 13 – 15 above has been to deprive Brown of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

17. The unlawful employment practice complained of in paragraphs 13 - 15 above was intentional.

18. The unlawful employment practice complained of in paragraphs 13 - 15 above was done with malice or with reckless indifference to the federally protected rights of Brown.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging an employee because of a disability, including because of an actual or perceived impairment.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Brown whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay.

D.  Order Defendant Employer to make whole Brown by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 – 15 above in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Brown by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 – 15 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Brown punitive damages for its malicious and reckless conduct, as described in paragraphs 13 – 15 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                      EQUAL EMPLOYMENT
                                      OPPORTUNITY COMMISSION


                                             s/ Kenneth L. Bird
                                      KENNETH L. BIRD
                                      Acting Regional Attorney


                                             s/ Nedra Campbell
                                      NEDRA D. CAMPBELL (P58768)
                                      Trial Attorney
                                      DETROIT DISTRICT OFFICE
                                      477 Michigan Ave, Room 865
                                      Detroit, Michigan 48226
                                      (313) 226-3410
Dated:  August 25, 2016          nedra.campbell@eeoc.gov